Todd Slobin (to be admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

*Counsel for Plaintiff, Sean Martin Delph, and Proposed Class and Collective Action Members*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SEAN MARTIN DELPH, on behalf of himself and all others similarly situated,

    Plaintiff,

    v.

GLOBAL DISTRIBUTION SERVICES, INC. d/b/a AMERICA'S ALLIANCE d/b/a AMERICA'S CHOICE GARAGE DOOR SERVICE

    Defendant.

**Case No:** '18CV1495 LAB MDD

**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND STATE LAWS**

**COLLECTIVE ACTION AND CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff Sean Martin Delph ("Delph" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant Global Distribution Services, Inc. d/b/a America's Alliance d/b/a America's Choice Garage Door Service ("Defendant" or "Global"), showing in support as follows:

## I.     INTRODUCTION AND NATURE OF ACTION

1.     This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay overtime wages. Plaintiff brings this action on behalf of similarly situated W-2 employees located in California and Arizona as a collective action under 29 U.S.C. § 216 (b).

2.     This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendant's various violations of California State Law including: (1) failure to pay employees working in California overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek; (2) failure to pay employees working in California overtime compensation at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for

any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek; and (3) for statutory penalties assessed in connection with PAGA. Plaintiff brings the California State Law claims as a class action under FED. R. CIV. P. 23. Plaintiff brings the claims under PAGA as a representative action pursuant to that statute.

3.     Global is in the business of providing garage door repair, replacement, and service to residential and commercial consumers. To provide these services in California, Global employs technicians like Delph to repair, replace, and service residential and commercial garage doors. These technicians regularly work in excess of 40 hours in a workweek.

4.     Global compensates its technician employees, in part, on a commissions-basis. In addition to commissions pay, technicians are also paid flat amounts such as when they perform work associated with a warranty call. However, Global does not pay any overtime wages owed to its technician employees. This lawsuit seeks redress for Global's violation of federal and state law in failing to pay overtime.

## II.     THE PARTIES

**A.     Plaintiff Sean Martin Delph**

5.     Plaintiff Sean Martin Delph is an individual residing in San Diego County, California. He has standing to file this lawsuit.

6.     Delph was an employee of Defendant who worked as a technician repairing, replacing, and servicing residential and commercial garage doors from approximately July 21, 2017 through approximately September 8, 2017.

7.     Delph's written consent to participate in this action is attached to this Complaint as "Exhibit 1."

8.     Delph has contemporaneously provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case. In the event the LWDA does not investigate Defendant's actions, Delph seeks to represent similarly situated technicians pursuant to PAGA.

**B.     Putative Collective Action Members**

9.     The putative Collective Action Members are all W-2 classified current and former technician employees who work or worked for Defendant in California and Arizona at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action.

10.     Delph seeks to represent the Collective Action Members seeking damages for claims of unpaid minimum wages and overtime wages pursuant to the FLSA, and is similarly situated to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

**C.     Putative California Class Action Members**

11.     The putative California Class Action Members are all current and former W-2 technician employees who work or worked for Defendant in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action.

12.     Delph seeks to represent the California Class Action Members, seeking damages for the California State Law Claims, described further below. Delph is a proper class representative pursuant to FED. R. CIV. P. 23(a)(4).

**D.     Defendant Global Distribution Services, Inc.**

13.     Defendant Global Distribution Services, Inc. is a Nevada corporation that does business in California.

14.     Global Distribution Services, Inc. has not designated a registered agent in the State of California. As a result, service is properly made upon "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process" under California Code of Civil Procedure § 416.10(b). *See* Fed. R. Civ. P. 4(h)(1)(A) (service is proper by following law regarding service of summons in the state where the district court is located or where service is made).

15.     Service on persons outside of the State of California is properly effectuated by sending a copy of the complaint "to the person to be served by first class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." *See* Cal. Civ. Proc. § 415.40.

16.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

Case No.

Original Complaint

17.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

18.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

19.     On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III.     JURISDICTION AND VENUE

20.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

21.     This Court also has supplemental jurisdiction over Plaintiff's California State Law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

22.     This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

23.     The United States District Court for the Southern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## IV.   FACTUAL BACKGROUND
## (APPLICABLE TO ALL CLAIMS FOR RELIEF)

25.     Global is in the business of residential and commercial garage door repair, replacement, and service. Global is located in many states and cities across the United States. Global uses many different names to conduct business in order to trick customers into believing they are hiring local known businesses.

26.     Global employs "technicians" to repair, replace, and service the garage doors. The technicians regularly work far more than 40 hours in a workweek.

27.     Global classifies the vast majority of its technicians as "1099 independent contractors," except for those who work in California and Arizona. Defendant classifies its California and Arizona technicians as W-2 employees.

28.     Although Defendant classifies its technicians who work in California and Arizona as W-2 employees, like its 1099 independent contractor technicians, Defendant does not pay them for overtime worked. Defendant's technicians all perform the same job duties and are compensated the same way regardless of their employee classification – no overtime pay.

29.     The W-2 technicians are paid, in part, on commission. If there was a complaint, and a technician had to go out on a warranty call, they were paid a flat amount to cover that call.

30.     If Plaintiff or a Member of the Class happened upon someone who needed garage door service, they were required to route them to Global's Call Center – they did not have the right to sell or directly provide the services or repairs they needed.

31.     The Technicians regularly work far more than 40 hours in a workweek and/or 8 hours each day. However, Defendant does not pay them for overtime worked pursuant to the FLSA or California State law.

## V.     FLSA CLAIMS FOR OVERTIME PAY

32.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

## A.     FLSA Coverage

33.     All conditions precedent to this suit, if any, have been fulfilled.

34.     At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

35.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

36.     At all times relevant to this lawsuit, Defendant has employed, and continue to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

37.     At all relevant times, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.     FLSA Allegations**

38.     At all relevant times, Plaintiff and the Putative Collective Action Members were employees of Defendant pursuant to the FLSA.

39.     The FLSA generally requires that employers pay their employees time and a half the regular rate for any time an employee works in excess of 40 hours a week. 29 U.S.C. § 207(a)(1).

40.     The regular rate is the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed. Section 7(e) of the Act requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection.

41.     The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§778.400 through 778.421. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.

42.     In the case of an employee who is paid entirely or partly on commission, § 778.117 controls: "Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate." *Id.*

43.     Here Defendant did not pay Plaintiff and the Class Members whatsoever for overtime worked. Defendant paid a commission plus other remuneration, but failed to pay overtime at the time and a half rate pursuant to the FLSA.

**C.     Collective Action Allegations**

44.     Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other W-2 technicians who worked for Global in California and Arizona during the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is

entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

45. Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime wages for all hours worked over 40 in each workweek. Plaintiff worked with technician employees of Global. As such, he has personal knowledge of the pay violations. Furthermore, other technicians have shared with him that they experienced similar pay violations as those described in this complaint. In fact, other W-2 technicians who worked for Defendant in California and Arizona have opted into this lawsuit as opt-in Plaintiffs.

46. Other employees similarly situated to Plaintiff work or have worked for Defendant and did not receive overtime compensation.

47. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendant's pay practices.

48. The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

49. The putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of all due and owing overtime wages.

50. Defendant's failure to pay overtime compensation results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

51.     The experiences of Plaintiff with respect to his pay, or lack thereof, is typical of the experiences of the putative Collective Action Members.

52.     The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

53.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of the technician employees.

54.     Plaintiff proposes that the class of putative Collective Action Members be defined as:

**All current and former W-2 technicians who worked for Global in California and Arizona from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.**

## VI.   CALIFORNIA STATE LAW CLAIMS

**A.     Controlling California State Law and Allegations**

55.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

56.     This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendant's various violations of California State Law including: (1) failure to pay employees working in California overtime compensation at a rate of one and one-half times the regular rate of pay

Original Complaint

for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek; (3) failure to pay employees working in California overtime compensation at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek; and (3) for statutory penalties assessed in connection with PAGA. Plaintiff brings the California State Law claims as a class action under FED. R. CIV. P. 23. Plaintiff brings the claims under PAGA as a representative action pursuant to that statute.

57.     Defendant's actions described herein with regard to Plaintiff and the putative California Class were willful, intentional, and not the result of mistake or inadvertence.

58.     Defendant was aware that the California Labor Code, and other laws of the State of California applied to its business operations at all relevant times.

59.     Defendant was aware that its failure to pay overtime compensation was unlawful pursuant to California State Law.

**B.     Class Action Allegations**

60.     Plaintiff brings his claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to FED. R. CIV. P. 23(a), (b)(2), & (b)(3).

61.     Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief,

during the relevant time period at least one hundred individuals worked for Defendant in the State of California.

62.     Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

      a.     Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5;

      b.     The proper measure of damages sustained by the putative California Class.

63.     Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like other California Class members, was subjected to Defendant's policy and practice of refusing to pay wages owed to its technician employees in violation of California law. Plaintiff's job duties and claims are typical of those of the putative California Class.

64.     Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative California Class.

65.     Adequacy of counsel (FED. R. CIV. P. 23(g) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting claims under the FLSA and

state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

66.     Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's common and uniform practice of failing to pay overtime due to Plaintiff and the putative California Class.

67.     Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully failed to completely compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

68.    Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

69.    Plaintiff proposes that the class be defined as:

**All current and former W-2 technicians who worked for Global in the State of California from any time starting four years prior to the date of the filing of the initial Complaint until the date the case resolves.**

70.    Plaintiff also brings this action as an aggrieved employee on behalf of himself and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.   CAUSES OF ACTION

**1.    First Claim for Relief – Violation of the FLSA, Failure to Pay All Overtime Due to Plaintiff and Putative Collective Action Members.**

71.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

72.    The foregoing conduct, as alleged, violated the FLSA.

73.    Plaintiff and the putative Collective Action are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

74.    Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative Collective Action. *See* 29 U.S.C. § 203(d).

75.    Defendant is and was required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in an amount of one and one-half

times their respective regular rates of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

76.     Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek.

77.     Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to a three (3) year statute of limitations. *Id.*

78.     Plaintiff seeks all damages to which he and the putative Collective Action are entitled under the FLSA, including their back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**2.     Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210**

79.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

80.     Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

81.     Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code §350(a).

82.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

83.     Beginning at some point prior to four years ago, Defendant committed and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

84.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a.  The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262; and

    b.  California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

85.     Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and

independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

86.     The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

87.     Plaintiff, on behalf of himself and the putative California Class, seeks restitution in the amount of the respective unpaid overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

88.     Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

> **3.     Third Claim for Relief – Overtime Violations, Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 510, 1194**

89.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

90.     Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

91.     Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code § 350(a).

92.     California law requires an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

93.     California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all members of the putative California Class, defined below, where they provide greater protections to workers. 29 U.S.C. § 218(a).

94.     Throughout the time period relevant to this claim for relief, Plaintiff and the putative California Class worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and the putative California Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

95.   Defendant's policy and/or practice of failing to pay overtime whatsoever to Plaintiff and the putative California Class resulted in a violation of these overtime wage provisions.

96.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the putative California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, pre-judgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**4.   Fourth Claim for Relief – California PAGA Claims Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 2698-2699.5**

97.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

98.   Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

99.   Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code § 350(a).

100.   Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC

Case No.
Original Complaint

Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

101.   Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

102.   Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code § 350(a).

103.   Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the putative California Class is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

104.   Plaintiff alleges, on behalf of himself and the putative California Class, as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of California Wage Order 16 that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 16-2001, Cal. Labor Code §§ 510 & 1194. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

105.   Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

Case No.

Original Complaint

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

106.   Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

107.   Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a), for Defendant's violations of the California Labor Code and the relevant IWC Wage Order for which violations a civil penalty is already specifically provided by law. Further, Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of the California Labor Code and the relevant IWC Wage Order for which violations a civil penalty is not already specifically provided.

108.   On June 29, 2018, Plaintiff Delph provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Plaintiff awaits a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust his administrative remedies, and will amend his pleadings in connection with such exhaustion.

109.   Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order No. 16 that are alleged in this Complaint.

## VIII.  JURY DEMAND

110.   Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective and California Class Action Members have a right to jury trial.

## IX.   <u>DAMAGES AND PRAYER</u>

111.   Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective and California Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

     a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

     b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

     c.    Designation of Delph as a Representative of the California Class Action Members;

     d.    Designation of attorneys Todd Slobin and Ricardo J. Prieto, of Shellist Lazarz Slobin, LLP, and Melinda Arbuckle, of Baron & Budd, P.C., as Class Counsel for the California Class Action Members;

     e.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

     f.       An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

     g.       An award of damages including all unpaid overtime wages, overtime compensation for all hours worked over forty in a workweek or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek, and all liquidated damages, and restitution to be paid by Global;

     h.       Appropriate statutory penalties;

     i.       Costs of action incurred herein, including expert fees;

     j.       Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

     k.       Pre-judgment and post-judgment interest, as provided by law;

     l.       Such other injunctive and equitable relief as the Court may deem just and proper.

DATED:  June 29, 2018

Respectfully submitted,

By:    s/Melinda Arbuckle
          Melinda Arbuckle

**BARON & BUDD, P.C.**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506

Facsimile: (818) 986-9698

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (to be admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff, Sean Martin Delph,*
*and Proposed Class and Collective Action*
*Members*

Case No.
Original Complaint