# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GARY DENHAM, et al., <br> Plaintiffs, <br> vs. <br> GLOBAL DISTRIBUTION SERVICES, INC. d/b/a AMERICA'S ALLIANCE d/b/a AMERICA'S CHOICE GARAGE DOOR SERVICE <br> Defendants. | CASE NO. 18cv1495-LAB (MDD) <br><br> **ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE [Dkt. 19]** |

Plaintiff Ryan Denham has been unable to serve Defendant Global Distribution Services, despite what he describes as extensive efforts to do so. He now requests that this Court permit him to serve Defendant via its counsel, who represents Defendant in a related case. Because Defendant has not appeared, the Court does not anticipate any filed opposition to this motion and therefore deems it suitable for disposition without oral argument. LR 7.1(d)(1). For the reasons below, Plaintiff's motion is **DENIED.**

According to Denham, Global Distribution Services is a corporation, but does not have a registered agent with the California Secretary of State. He has attempted personal service "three separate times at different addresses," but has yet to effectuate service. Dkt. 19-1 at 2-3. Denham further argues that Defendant is apprised of (and has retained counsel in) this action, which is related to another class action pending in the Southern District of Texas. *See Redmon v. Glob. Distrib. Servs.*, Case No. 17cv1119 (S.D. Cal. 2017). In light

of his unsuccessful efforts, Plaintiff requests permission to serve Defendant via its retained counsel, Ms. LaShon Harris.

Denham suggests that FRCP 5(b) gives this Court authority to permit service on Defendant's attorney rather than Defendant personally. *See* FRCP 5(b) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Rule 5, however, concerns service of documents other than the original complaint, which must be served under Rule 4. *See Berry v. Evans*, 2006 WL 3591233, at *1 (N.D. Cal. 2006). Denham argues that the Court has authority to authorize service on Defendant's attorney under Ninth Circuit case law, but the cases on that issue, such as *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), involve service of an individual in a foreign country under Rule 4(f), which allows special means of service given the inherent difficulty in serving foreign defendants.

Although Defendant likely has notice of this action—and may or may not be evading service—the Court lacks authority to preemptively approve Plaintiff's service of a domestic defendant via its counsel, unless there is waiver under FRCP 4(d). Plaintiff may attempt substitute service under California law if he believes the requirements are met, and he does not need the Court's permission to do so. *See* FRCP 4(e)(1) (an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."); *see also* Cal. Civ. Proc. Code § 415.20(a), (b) (setting out the requirements for substitute service under California law.).

For now, Plaintiff's Motion for Substitute Service is **DENIED.** The November 13, 2018 hearing date on this motion is **VACATED.**

**IT IS SO ORDERED**.

Dated: October 18, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge