# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GARY DENHAM, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GLOBAL DISTRIBUTION SERVICES, INC. d/b/a AMERICA'S ALLIANCE d/b/a AMERICA'S CHOICE GARAGE DOOR SERVICE, et al. <br><br> Defendants. | CASE NO. 18cv1495-LAB (MDD) <br><br> **ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION [Dkt. 54]** |

Currently before the Court is Plaintiff Ryan Gary Denham's Motion for Conditional Certification and Issuance of Notice under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons below, that motion is **GRANTED**. Dkt. 54.

Denham and the other opt-in Plaintiffs (collectively "Plaintiffs") are garage door technicians who previously worked as non-exempt W-2 employees for the Defendants in either California or Arizona. In this capacity, Plaintiffs were tasked with repairing, replacing, and servicing residential and commercial garage doors. As relevant here, Plaintiffs allege that they frequently worked more than forty hours per week and did not receive overtime premium pay. Plaintiffs brought this suit alleging that Defendants' wage and hour practices violated the FLSA and various provisions of California law. They now move for conditional certification under the FLSA, which would allow them to notify similarly situated employees of this action and provide those employees a chance to opt-in to the litigation.

The FLSA prohibits an employer from failing to pay overtime wages to an employee. 29 U.S.C. § 207(a). The statute provides that an aggrieved employee may bring a collective action on behalf of himself and other employees "similarly situated" based on an employer's failure to pay such wages. *Id.* § 216(b). Potential collective action plaintiffs must "opt-in" to the action by filing a written consent with the court. *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). If similarly situated employees do not "opt-in" to the collective action, these employees are not bound by any judgment reached in the action. *Leuthold v. Destination Am., Inc.,* 224 F.R.D. 462, 466 (N.D. Cal. 2004).

In determining whether to certify a collective action under the FLSA, a district court must determine if the proposed class is "similarly situated" to the lead plaintiff. A majority of courts have adopted a two-step approach for determining whether a class is "similarly situated." *See id.* Under this approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action. *Id.* at 467. Importantly, since this first determination is generally made before the close of discovery and based on a limited amount of evidence, the court applies a fairly lenient standard and typically grants conditional certification. *Id.*; *Pfohl v. Farmers Ins. Group*, 2004 WL 554834, at *2 (C.D. Cal. 2004). The standard applied is less rigorous than the commonality requirement of Rule 23. *Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294, 306 (N.D. Cal. 1991). To satisfy the initial step, a plaintiff need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Roebuck v. Hudson Valley Farms, Inc.,* 239 F.Supp.2d 234, 238 (N.D.N.Y. 2002).

If conditional certification is granted, the district court may then authorize the named plaintiff to send written notice to all potential plaintiffs and set a deadline for those plaintiffs to opt-in to the suit. *Leuthold,* 224 F.R.D. at 466. The case then proceeds as a representative action throughout discovery. At the close of discovery, "the party opposing

1  the certification may move to decertify the class." *Adams v. Inter-Con Sec. Sys., Inc.*, 242
2  F.R.D. 530, 536 (N.D. Cal. 2007). Neither stage of the certification process is an opportunity
3  for a court to make credibility determinations or resolve the case on its merits. *See Harris*
4  *v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1005 (N.D. Cal. 2010).

5        Plaintiffs and their modest putative class plainly fit the bill for conditional certification.
6  First, the affidavits submitted by the Plaintiffs allege that each of these employees frequently
7  worked overtime hours without receiving overtime premium pay. *See, e.g.*, Denham Decl.,
8  Dkt. 54-2, Ex. A-1 at ¶ 5 ("When I worked over forty hours per week, which happened
9  routinely, I received some pay based upon the work that was completed, but I typically did
10 not receive overtime premium pay when I worked over forty hours in a workweek or over
11 eight hours in a day.").

12       Second, Plaintiffs have shown that this practice potentially violates the FLSA, which
13 generally requires that employees be compensated for a workweek of more than forty hours
14 at "one and one-half time the regular rate." 29 U.S.C. § 207(a)(1).

15       Lastly, each of these employees was similarly situated in that they were each non-
16 exempt W-2 employees who worked for Defendants in the states of California and Arizona.
17 *See, e.g.,* Denham Decl. at ¶ 7 ("All of Defendants' non-exempt garage door technicians in
18 Arizona and California were paid similarly to me. In the event that any of Defendants' non-
19 exempt garage door technician employees worked over forty hours in a workweek, which
20 was frequently required by Defendants, they often did not receive additional overtime
21 premium pay. I know this based upon my conversations with other garage door technician
22 employees of Defendants, and based on Defendants' policies that I was told by
23 representatives of Defendants at the time I was hired were uniformly applicable to garage
24 door technicians like me."); *see also Khadera v. ABM Indus. Inc.*, 2011 WL 7064235, at *2
25 (W.D. Wash. 2011) ("[T]he named plaintiffs need show only that their positions are similar,
26 not identical, to the positions held by the putative class members.").
27 / / /
28 / / /

Defendants' arguments to the contrary are unavailing.[1] Defendants argue, for example, that although Plaintiffs allege they were not compensated for overtime work, they have submitted no documentary evidence corroborating their claim. *See* Opposition, Dkt. 63, at 3. This overstates the evidentiary burden here. Plaintiffs are not required to prove conclusively at this stage that there *was* an FLSA violation. The goal of conditional certification is simply to allow the Plaintiffs to proceed through discovery as a group. Indeed, it is altogether unsurprising that Plaintiffs haven't submitted extensive evidence at this stage, since it is the Defendants who are better situated to have the relevant records and the case is not yet through discovery. Nor is the Court swayed by the declarations the Defendants have submitted, which show pay stubs from select pay periods in which Plaintiffs did receive overtime pay. "Federal courts are in agreement that evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants." *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, at *4 (N.D. Cal. 2012). To be sure, these documents might be relevant if Defendants opt to move for decertification after discovery, but that's a battle for another day. In sum, the Court concludes that the requirements for conditional certification are met here. Plaintiffs' motion is **GRANTED** and the Court **CONDITIONALLY CERTIFIES** a collective action under the FLSA consisting of all current and former W-2 technicians who worked for Defendants in California and Arizona at any time in the three years preceding the date this Order is entered.

The Court next turns to what type of notice is appropriate to alert prospective plaintiffs about this case. Plaintiffs have submitted a proposed notice form and Defendants have raised various objections to the language in that notice. There's no reason to reinvent the wheel here. Given that this case is effectively spin-off litigation from *Redmon v. Global*

---

[1] Defendants have also submitted extensive objections to Plaintiffs' declarations. As the parties are aware, though, evidentiary rules are "relaxed" at the conditional certification stage and courts may consider evidence that may not be admissible at trial. *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 275 (N.D. Cal. 2015). These objections are **OVERRULED**. Dkt. 63-3.

*Distribution Services, et al.*, 4:17-cv-01119 (S.D. Tex.) ("the *Redmon* action"), the Court is inclined to use the same Notice and Consent to Join forms the parties agreed to in that case. No later than **March 13, 2020**, the parties are **ORDERED** to meet and confer and then lodge with chambers a modified version of the Notice and Consent to Join forms found in Docket Entry 19-2 of the *Redmon* action. The lodged document shall be in an editable electronic format. The parties shall modify the *Redmon* Notice and Consent to Join forms only as necessary to reflect the differences presented by this case. The parties shall work together on this and may not submit competing "proposals." The Court will make any appropriate changes and file the final, approved notice on the docket.

It is further **ORDERED** that:

1. Within 21 days of entry of this Order, Defendants shall provide to Plaintiffs' counsel the names and last known addresses, email addresses, cellular phone numbers, and dates of employment of the potential class members;

2. No later than **April 3, 2020**, Plaintiffs' counsel shall distribute the approved notice and consent forms to the potential class members via either mail, email, or text message. Any mailed notice shall be limited to the notice and an addressed, postage-paid envelope. Any emailed notice or notice sent via text message shall be limited to the notice with the following message: "Attached please find a Notice of Unpaid Overtime Lawsuit and Consent to Join form regarding the case styled *Denham v. Global Distribution Services, et al.*, 3:18-cv-1495-LAB-MDD, pending in the United States District Court for the Southern District of California." Plaintiffs' counsel shall advise Defendants' counsel of the date of the mailing, emailing, or messaging of the notice. Plaintiffs' counsel may send an identical reminder notice and consent form via mail, email, or text message 45 days after the first communication;[2]

---

[2] Notice is limited to direct communications between Plaintiffs' counsel and the members of the putative class. For example, the parties are not to post the notice on social media or on fliers at Defendants' work sites.

3. Potential class members shall have 90 days from the date of the mailing, emailing, or messaging of the first notice to opt in to the litigation as party plaintiffs ("the Opt-In Deadline"). Consent to Join forms must be postmarked (if mailed), fax stamped (if faxed), or emailed no later than 11:59 p.m. on the Opt-In Deadline in order to be effective unless there is good cause shown for the delay. All timely submitted Consent to Join forms must be filed with the Court within 10 days of the Opt-In Deadline. Consent to Join forms returned after the Opt-In Deadline shall not be effective in this case, absent further order of the Court or agreement of the Parties.

**IT IS SO ORDERED**.

Dated: February 24, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge