UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GARY DENHAM, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBAL DISTRIBUTION SERVICES, INC. d/b/a AMERICA'S ALLIANCE d/b/a AMERICA'S CHOICE GARAGE DOOR SERVICE, et al.,<br><br>Defendants. | CASE NO. 18cv1495-LAB (MDD)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [Dkt. 78]** |

This is a labor dispute concerning whether the Defendants—a collection of garage door servicers—violated the Fair Labors Standards Act ("FLSA") by failing to pay Plaintiffs overtime compensation. In addition to the Corporate Defendants, Plaintiffs have sued several individual officers of those entities, asserting that these Individual Defendants exercised supervisory control under the FLSA. The motion before the Court is whether Plaintiffs should be permitted to amend their complaint to add an additional Individual Defendant, Brandon Campbell. For the reasons below, that motion is **DENIED.**

In late January 2020, as discovery in this case was heating up, Plaintiffs served Defendants with a series of deposition notices indicating they intended to depose various individuals associated with the Corporate Defendants. Some of these individuals had been named as Individual Defendants in the case, but some had not. Defendants' counsel responded to the notices with available dates for depositions and suggested that Plaintiffs "might want to depose Brandon Campbell and Jason Romasceski [sic] first as they are more

knowledgeable about the day-to-day operations of the business." *See* Motion, Dkt. 78, Ex. A. Plaintiffs understood this communication to mean that Campbell, who was not yet named in the case, might be a potential defendant, and inquired whether Defendants would oppose Plaintiffs' request for leave to file an amended complaint naming Campbell. Defendants, unsurprisingly, declined. This contested motion followed.

The key question before the Court is whether Plaintiffs should be permitted to amend their complaint to add Campbell as a defendant despite the fact that the Court-imposed amendment deadline of October 25, 2019 has long since passed. Plaintiffs argue that good cause exists to permit the amendment because the addition of Campbell is based on information produced after the amendment deadline passed. Defendants dispute this premise and argue that, in any event, amendment should be denied as futile.

Under Rule 16, a motion to amend filed after the amendment deadline may only be granted if the plaintiff demonstrates "good cause." The focus of Rule 16's "good cause" analysis is whether the moving party was diligent in seeking leave to amend. "If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a plaintiff succeeds in showing good cause under Rule 16, the court then turns to the traditional amendment analysis under Rule 15, which considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint. Under Rule 15, leave to amend is "freely given when justice so requires," and the policy favoring amendment is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

It is unnecessary to reach the Rule 15 analysis here because Plaintiff has not demonstrated "good cause" under Rule 16. Plaintiffs argue that they were unable to add Campbell as a defendant before February 19, 2020—the date they filed this motion— because they were unaware of Campbell's involvement prior to Defendants' counsel deposition-scheduling email, which suggested that Campbell was "knowledgeable about the day-to-day operations of the businesses." Plaintiffs' own motion belies this argument. As

early as November 18, 2019, Defendants produced in discovery an email in which Campbell apparently signed off on several commission payments to Plaintiffs. *See* Motion, Ex. B. Assuming, as Plaintiffs do, that this email suggests Campbell exercised supervisory control over Plaintiffs' employment, this indicates Plaintiffs were on notice of Campbell's potential liability three months before they first moved for leave to add him as a defendant. Especially given the age of this case, the Court cannot countenance such delays by finding good cause to permit amendment.

The Court's conclusion that Plaintiffs lack good cause to amend is bolstered by the substance of their proposed amendment. In their proposed amended complaint, the allegations against Campbell are no different in substance than the allegations against the existing Individual Defendants. Plaintiffs allege, for example, that Campbell is listed online as "CFO, RMO, CEO and President and/or Registered Agent of the . . . entity Defendants," that he "is/was active in day-to-day operations of the company," and that, upon information and belief, he "has/had the power to hire and fire employees; supervise and/or control the employees' work schedules and/or work conditions of employment; determine the rate or method of pay; and control/maintain employees' work records." Proposed Complaint at ¶¶ 76, 78, 79. As Defendants correctly point out, the only new fact Plaintiffs allege is that Campbell is listed online as corporate officer of the entity defendants, a fact Plaintiffs were aware of well before the amendment cutoff date. Because the proposed amendment is not based on new information obtained after the cutoff date, Plaintiff's have not demonstrated that good cause exists to permit amendment.

Plaintiffs' Motion for Leave to File a Third Amended Complaint is **DENIED**. Dkt. 78. This case was filed nearly two years ago and, largely due to the parties' start-and-stop settlement discussions, it has not meaningfully advanced past basic discovery. It's time to kick this case into a higher gear.

**IT IS SO ORDERED**.

Dated: May 6, 2020

*Larry A. Burns*
HONORABLE LARRY ALAN BURNS
Chief United States District Judge