UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GARY DENHAM, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>GLOBAL DISTRIBUTION SERVICES, INC. d/b/a AMERICA'S ALLIANCE d/b/a AMERICA'S CHOICE GARAGE DOOR SERVICE, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 18cv1495-LAB (MDD)<br><br>**ORDER VACATING HEARING AND DIRECTING FURTHER BRIEFING** |

Plaintiffs' Motion for Final Approval of the Collective Action Settlement in this Fair Labor Standards Act case is set for a hearing on October 26, 2020. While the Court needs additional information to decide the Motion, Plaintiffs can best provide that information through additional briefing. Accordingly, that hearing is **VACATED**.

Plaintiffs argue, and the Court agrees, that attorneys' fees in common fund cases are often calculated as a percentage of the recovery. On that basis, Plaintiffs seek fees amounting to 40% of the gross settlement amount and expenses amounting to another 27.6%. But Plaintiffs don't identify any authority supporting such an award. *See* Dkt. 100-1 at 19-20. No cited case approved a fee award greater than 34%, with one such case noting that "nearly all common fund awards range around 30%." *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *3 (N.D. Cal. Feb. 2, 2009) (awarding 30% and quoting *In Re Activision Securities* Litigation, 723 F. Supp. 1373 (N.D. Cal. 1989); *see also, e.g., Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1209 (awarding 33%);

*Rodriguez v. SGLC Inc.*, No. 2:08-cv-19710-MCE-KJN, 2014 WL 229221, at *2 (E.D. Cal. 2014) (awarding 34%). Second, the fee percentage in a common fund case is often considered alongside expenses and the amount left for the claimants. *See, e.g., State of Fla. v. Dunne*, 915 F.2d 542, 546 (9th Cir. 1990) (finding fees and costs amounting to 72% of recovery "disturbing"); *In re Bluetooth Headset Prods. Liability*, 654 F.3d 935, 945 (9th Cir. 2011) (presumptively calculating fee percentage from recovery net of notice costs); *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000) (under Private Securities Litigation Reform Act, "fees *and expenses* ultimately rewarded [must] be reasonable in relation to what the plaintiffs recovered").

Plaintiffs' broad references to the lack of payment or reimbursement during the litigation and to the financial risk of unsuccessful litigation aren't enough to make this an exceptional case warranting exceptional fees. *See* Dkt. 100-1 at 19. These general concerns are common features of any collective or class action litigated on a contingency basis. Without more, they don't justify departing from the range of fees typically found reasonable in such cases.

Accordingly, the Court directs Plaintiffs to brief the reasonableness of their requested fees and expenses in no more than 10 pages on or before **November 20, 2020**. The briefing should address specific circumstances that justify awarding an atypically large proportion of the total recovery to counsel for fees and expenses. Plaintiffs may include, as exhibits not counted toward the ten-page limit, their lodestar calculation and any supporting documents necessary to establish the reasonableness of that calculation.

**IT IS SO ORDERED**.

Dated: October 21, 2020

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge